June, 1811.

Eno
*v.*
Frisbie.

Judgment affirmed.

---

Eliphalet Eno *against* Levi Frisbie.

IN ERROR.

On a writ returnable to the County Court, a duty of seventeen cents only was certified, although the duty of thirty-four cents was in fact paid; held, that such defect, in the original certificate, was not amendable.

A writ being directed to an indifferent person to serve and return, the certificate of the magistrate of the affidavit of the plaintiff, must be made in the words of the statute ; any omission in this respect, is fatal.

On reversal of judgment, the plaintiff in error is entitled to recover, as part of the damages, the amount of costs which he ought to have recovered in the court below.

THIS was an action of *assumpsit*, on a promissory note, originally brought to the County Court, by *Eno* against *Frisbie.* The justice who issued the writ, certified the payment of a duty of *seventeen cents* only ; although, the duty of *thirty-four cents* was in fact paid, at the time when the writ was issued. The writ was directed to *Nathaniel Austin*, an indifferent person, to serve and return ; and the certificate of the justice, on the back of the writ, made at the time when it was issued and signed, was in these words, *viz.* " *Litchfield* county, *Torrington, December* 27th, 1809, personally appeared *Eliphalet Eno*, plaintiff in the within writ, and made oath to the same, according to law in that case made and provided."

" *Normand Griswold*, Justice of Peace."

On motion of the plaintiff, the court permitted justice *Griswold* to testify, that the duty of *thirty-four cents* was in

fact paid, on the issuing and signing of the writ ; and allow-
ed him to amend his certificate accordingly ; and, also, per-
mitted him to testify, that at the time when the writ was
issued, the oath prescribed by the statute, was by him, duly
administered to the plaintiff, and did suffer him to erase the
certificate originally indorsed on the writ ; and in lieu there-
of, to make a certificate of the oath of the party, on the
back of the writ, according to the form prescribed by the
statute. (a)   The defendant suffered a default ; and judgment
was, thereupon, rendered against him, for the sum of sixty-
seven dollars and twenty cents damages, and for the sum of
eleven dollars and eighty-six cents costs : Whereupon, the
defendant filed a bill of exceptions, in which, the foregoing
facts were stated.   On a writ of error, the Superior Court
reversed the judgment of the County Court ; and rendered
judgment that the plaintiff should recover the sum of ninety-
three dollars and fifty-nine cents damages.   To reverse the
judgment of the Superior Court, the present writ of error
was brought.

The errors specially assigned, were,

1. That the Superior Court rendered judgment for a larger
sum in damages, on reversal, than the amount of the judg-
ment of the County Court, including the officer's fees on the
execution and the interest.

2. That the sum of four dollars and twenty-seven cents,
was included as part of the damages, being the sum which
*Frisbie* might have recovered in the County Court, for costs.

3. That the sum of two dollars and seventy-five cents was
also included as part of the damages, which sum *Frisbie*
might have recovered in the County Court, for his attend-
ance.

*N. Smith* and *A. Smith*, for the plaintiff in error, contended,

I. That the defects of the original certificates of the jus-
tice, were amendable.

1. The statute does not require, that it shall be certified
by the magistrate, *at the time of signing the writ*, that the

(a) 1 *Stat. Conn.* tit. 95. c. 3. s. 2.

June, 1811.

ENO
*v.*
FRISBIE.

duty is paid. No injustice, therefore, can be done, if a certificate conformable to the truth, be made afterwards. The provisions of our statutes relating to amendments, are very broad ; an amendment can always be made where the facts will warrant it. A misnomer, misdescription, &c. may be amended conformably to the truth. The records of a court of justice, may be corrected from the minutes of the judges.

2. Our courts of law, are, by statute, vested with the power of permitting amendments, at their discretion ; and the exercise of this discretion, is not a ground of error.

3. But, if error can be predicated of the judgment, or order of a court, acting under the authority of a statute vesting them with a discretionary power, still, a bill of exceptions is not the proper remedy. For any defect in the writ, the remedy is by plea of abatement ; and if the defect be not cured, the defendant may plead again ; and so, as long as any defect remains.

II. The judgment of the Superior Court is erroneous on another ground. No rule of damages is given in the writ of error, nor is there any fact found by the court, which could furnish a rule. The writ of error ought to state the damages, specifically, or furnish a rule, by which, the amount can be ascertained ; or, the court must introduce a fact or facts for this purpose. Here, then, is a decree of the court without any foundation.

But further, the amount of damages decreed by the Superior Court, exceed the sum which the plaintiff was entitled to, on reversal of the judgment of the County Court.

*Gould* and *Beers*, contra.

1. The original certificate of the payment of a duty, was not conformable to the provisions of the statute ; the process was, therefore, void, and could not be amended. The statute is peremptory, and any defect in the certificate of the magistrate relating to the payment of the duty, is fatal. The certificate is the criterion, and it is immaterial, whether the duty required by law, be actually paid, or not. It is a necessary component part of the writ ; and any defect or omis-

sion in the certificate, is not matter of *mere abatement ;* but the court would be bound, *ex officio,* to dismiss a process thus defective. *Swift's Syst.* 205. *Hurd* v. *Hull,* 1 *Root,* 505. *Dee* v. *Ely,* 2 *Root,* 11.

2. It is contended by the counsel for the plaintiff in error, that we cannot avail ourselves of the irregularity of the proceedings, in this case, by bill of exceptions, and that the remedy is by plea of abatement.

Where an error intervenes in an interlocutory judgment, the only appropriate remedy is by bill of exceptions. The writ, as amended, would contradict the plea. This cannot be. A plea of abatement is the proper remedy, only, where after amendment, the writ is still defective. *Mills* v. *Bishop et al. Kirby,* 5.

3. The certificate of the affidavit of the plaintiff, as originally entered on the writ, was totally defective. The oath should have been administered in the precise form prescribed by the statute; and the certificate is the only evidence by which that fact can be made to appear. The oath of the plaintiff was originally necessary to render the process valid ; and the testimony of the justice could not be admitted to explain the manner in which it was administered. But here, the justice was admitted to testify, that the oath was administered in the words of the statute, when such fact did not appear from the original certificate.

4. If it be necessary, that it should appear from the original certificate of the justice, that the affidavit of the party was made in the words of the statute, it follows most clearly, that the defective certificate could not be erased, after service of the writ, and a new one, conformable to the statute, inserted. The affidavit of the plaintiff is indispensably necessary to validate the direction to the officer, and without such direction, he can acquire no authority to make service of the process. The authority of the officer must exist at the time of service ; but, in the present case, the authority is derived from the subsequent act of the justice. When service was made, the officer had no authority whatever, to execute the process. These propositions are too clear to require further illustration.

5. In relation to the last objection to the judgment of the Superior Court, it is sufficient to suggest, that the defendant was entitled to costs in the County Court; and that the judgment of the Superior Court, necessarily implies a finding of damages: And besides, the record in this case, is in conformity to the established forms in cases of reversal of judgment.

MITCHELL, Ch. J. The first question presented on the record is, did the County Court decide correctly, in permitting the justice, who signed the writ, to amend his certificate of the payment of the duty required by law?

The statute entitled "an act laying a duty in certain cases" declares, that "no writ served after the first day of *July*, 1784, shall be valid or authentic in law, unless the authority signing the same, shall certify thereon, that the duty required by law, is paid."(a) At the time when this writ was served, no such certificate was made thereon: therefore, at that time, the writ was invalid in law, and of no force, and void to all intents and purposes.

If the plaintiff had proceeded to take a judgment by default, it would have been erroneous, as the service of the writ, imposed no greater obligation to appear and answer to the action, than if the authority issuing the process, had omitted to subscribe his name or official character. This defect in the writ, being by the statute, absolutely fatal, could not be supplied by amendment; for it is a well settled principle, that a void process cannot be amended. *Burk* v. *Barnard*, 4 *Johns. Rep.* 309. *Parsons* v. *Loyd*, 3 *Wils. Rep.* 341. *Shirley* v. *Wright*, 2 *Ld. Raym.* 775. *Bunn* v. *Thomas* and *King*, Admrs. of Jeffery, 2 *Johns. Rep.* 190.

The justice of the peace, might, after the return of the writ, with as much propriety, supply the want of his signature, as the omission here complained of. There would be great danger to the public, in permitting the certificate to be amended; it would destroy one check which the public have upon the receivers of duties.

(a) 1 *Stat. Conn.* tit. 54. s. 7.

If the sum first entered in the certificate, could be altered after service of the writ, the certificate could never be relied upon, to shew the sum in fact paid; and then, the oath of the justice must be resorted to, to ascertain the duty received. Nor, is this objection, one which could be waived by the proceedings, or consent of the parties; to allow, or permit this, would be to establish a rule, by which, the whole revenue arising from the duty on writs, might be lost to the public.

As to the omission of the justice to certify the affidavit of the party, *verbatim*, on the back of the writ, there can be no doubt. This omission is fatal. The statute expressly requires the justice to "endorse and attest the affidavit on the writ;" and declares, "if a writ be directed to an indifferent person, without such endorsement, it shall abate;" (*a*) and no power is given to any court, to amend the certificate. To allow such amendment, would defeat this salutary regulation, and virtually repeal that clause of the statute. The officers of the law, are to serve all writs, except in certain cases mentioned in the statute, which are very urgent, where indulgence is given to the party, under certain specified regulations that may easily be complied with. To dispense with such compliance, by permitting an amendment, would rather be an act of legislation, than the execution of the law.

As to the other objection, relating to the form of the record, it is sufficient to remark, that the record is in conformity to the established precedents in cases of reversal.

The other Judges severally concurred in this opinion.

Judgment affirmed.

(*a*) 1 *Stat. Conn.* tit. 95, c. 3, s. 2.