Augur
*v.*
Augur.

## Augur *against* Augur.

In the direction of a writ to an indifferent person, all that is necessary under the statute since the revision of 1821, is, that it should be so expressed as to shew that the oath prescribed was administered.

Therefore, where the certificate of the magistrate was in these words: "Personally appeared *A. B.*, the plaintiff in the foregoing writ, and made solemn oath that he verily believes he is in danger of losing the debt in this writ, unless an indifferent person be deputed for the immediate service of the same, before me, *E. W.*, justice of peace;" it was held, that such certificate was sufficient.

This was an action of book debt, commenced by writ of attachment, and returned to the superior court, held at *Middletown*, on the fourth *Tuesday* of *February*, 1839. The writ was directed to and served by *Edward Rutty*, an indifferent person. The magistrate who signed the writ, made the following indorsement thereon, before it was served: "*Middlesex* county, *ss. Chester, January*, 5th, 1839. Personally appeared *Zimri Augur*, the plaintiff in the foregoing writ, and made solemn oath, that he verily believes he is in danger of losing the debt in this writ, unless an indifferent person be deputed for the immediate service of the same, before me, *Ely Warner*, Justice of Peace."

The cause was put to auditors, who reported a balance in favour of the plaintiff of 138 dollars, 31 cents.

At the term of the superior court in *Middlesex* county, held in *February*, 1840, the defendant moved the court to erase the writ from the docket, and to dismiss the suit, because the writ was a writ of attachment, directed to *Edward Rutty*, an indifferent person, and was no otherwise served than by said *Rutty*, as an indifferent person; that the affidavit prescribed by law to be administered respecting the writ, in such case, to the plaintiff, or his agent or attorney, was not administered to the plaintiff, or his agent or attorney in the suit, before the pretended service of the writ; and that the authority who signed the writ, did not certify thereon, that he administered the same.

This motion, at the request of the parties, was reserved for the advice of this court.

*McCurdy*, in support of the motion, contended, 1. that

from the certificate of the magistrate who signed the writ, it did not appear, that the oath prescribed by law, was administered.   A *form* is prescribed by statute ; and that form must be strictly observed.   The same words must be used : other words, though of equivalent import, will not satisfy the statute.   Here, the words "you solemnly swear," and "so help you God," required by the statute, are totally omitted.   The person of the pronoun also is changed from the second to the third.   *Eno* v. *Frisbie*, 5 *Day*, 127.   *Case* v. *Humphrey*, 6 *Conn. Rep.* 130.

2. That the legal consequence of this departure from the form prescribed by statute, is, that the process was *utterly void*, and the court had no jurisdiction.   *Eno* v. *Frisbie* and *Case* v. *Humphrey*, above cited.   *Grumon* v. *Raymond*, 1 *Conn. Rep.* 40.   *Slocum* v. *Wheeler*, *Id.* 449.

3. That as this want of jurisdiction appeared on the record, it was not necessary to plead it, but the court will take notice of it, at any time and in any mode.   The appearance of the defendant and the proceedings of the court could not give jurisdiction.   See, in addition to the cases before cited, *Martin* v. *Commonwealth*, 1 *Mass. Rep.* 347.   *Perkins* v. *Perkins*, 7 *Conn. Rep.* 558.   *Davison* v. *Champlin*, *Id.* 244.   *Coffin* v. *Tracy*, 3 *Caines*, 129.

*Bulkeley*, contra, insisted, 1. that in this case the requisites of the statute had been substantially complied with.   The only variation from the precise form prescribed, is, that the third person is used instead of the second, "he" instead of "you," and the words " so help you God," are not inserted.   But the words used " the plaintiff made solemn oath," necessarily import a due administration of the oath.   The process is valid, unless the substitution of one word for another without a change of meaning, or the omission of words which are necessarily implied in the language used, renders it invalid.   To go this length would be absurd.   The legislature never intended it.   In *Eno* v. *Frisbie*, 5 *Day*, 122. the certificate was *substantially defective*, as it did not shew that the plaintiff swore he was in danger of losing his debt, unless an indifferent person was deputed ; nor did this appear by necessary inference.   In *Case* v. *Humphrey*, 6 *Conn. Rep.* 130. it did not appear from the certificate of the magistrate, that the

*Middlesex,*
*July, 1840.*
—————
Augur
*v.*
Augur.

affidavit was made *by the plaintiff or his agent.* Neither the form nor the spirit of the statute was complied with. Any remarks of the Chief Justice in that case, going beyond what the case required, will not be regarded as having the weight of a judicial authority.

2. That if the service was defective, the defect should have been shewn by plea; and could not be taken advantage of, by motion, after an appearance and a hearing before auditors on the merits.

WAITE, J. By the statute passed in 1804, prescribing the mode of directing a writ to be served by an indifferent person, (*a*) it was made the duty of the plaintiff, his agent or attorney, to make an affidavit respecting it, in certain prescribed words, which oath the authority signing the writ was to administer, and to endorse and attest on the writ. While that statute remained unaltered, this court held, that an omission to certify the affidavit *verbatim* on the writ, was fatal. *Eno* v. *Frisbie,* 5 *Day,* 122. But at the revision of the statutes in 1821, that act was modified, and the clause requiring the magistrate to endorse the affidavit, was omitted, and instead thereof, it was provided, that "he shall certify on the writ, that he administered the same."

The form of this certificate is not given. All that can be required, is, that it should be so expressed, that it may appear that the oath prescribed in the statute was administered.

Now, the justice who issued the original writ in this case, has certified, that the plaintiff appeared before him, and made oath to certain facts. These are the same with those embraced in the oath. There is no material difference in the expressions, except that in the oath the second person is used, and in the certificate, the third. Can the court from this fairly infer, that the prescribed oath was administered? If it can, the certificate ought to be considered sufficient. Such, we think, is the fair construction.

The decision of this court in *Case* v. *Humphrey,* 6 *Conn. Rep.* 130. has been cited as supporting a different principle. But there is a material difference between that case and the present. There, the person making the affidavit was not the

(*a*) *Stat. tit.* 95. *ch.* 3. (ed. 1808.)

plaintiff; and it did not appear that he was an agent or attorney of the plaintiff; and the court held, it could not be presumed that he was authorized, as there was nothing from which such a presumption could be made.

Here, it is stated in the certificate, that the plaintiff made the affidavit. And although the judge, in delivering the opinion of the court, in that case, made use of some expressions favouring the construction claimed by the defendant's counsel in the present, yet it is evident from that opinion, that the certificate would have been holden good, if it had appeared, by reasonable construction of the words, that the requisites of the law had been complied with. We think that fact, in the present case, does sufficiently appear; and without inquiring whether the motion was not made too late, we are of opinion that, for the reasons assigned, it ought not to prevail.

In this opinion all the other Judges ultimately concurred. SHERMAN, J. was at first inclined to think, that this case was governed by that of *Case* v. *Humphrey;* but he afterwards acquiesced in the views of his brethren.

<div style="text-align:center">Motion to be denied.</div>