## JAMES L. GREENE *vs.* THE NEW LONDON COUNTY AGRICULTURAL SOCIETY.

Under the act of Congress which imposes a stamp duty of fifty cents on every "writ or other original process commenced in any court of record," but which exempts "writs and other process issued by a justice of the peace," a writ issued by a justice of the peace is exempted, although returnable to the superior court.

And where a writ is issued by a justice of the peace and directed to an indifferent person for immediate service, and the justice endorses upon it a certificate, as required by the statute in such case, that he has administered the prescribed oath and deputed an indifferent person to make service, no stamp is necessary upon the certificate, although the act of Congress requires a five cent stamp upon every certificate not otherwise specially provided for.

The exemption of the writ includes all that goes to make a part of it.

ASSUMPSIT.    The writ, which was returnable to the superior court, was issued by a justice of the peace, and directed to an indifferent person for immediate service, with a certificate endorsed upon it by the magistrate, as required by the statute in such case, that he had administered the prescribed oath and had so directed the writ.    Plea in abatement that the certificate was void because no revenue stamp was affixed to it, and that the writ itself was void because issued without a stamp. Demurrer to plea.    Reserved for advice.

*Child,* in support of the demurrer.

*Stanton,* contra.*

---

* The principal question discussed by the counsel was whether Congress could constitutionally impose a tax upon the process of the courts of a state. This point was argued with great research and ability, but as the court puts its decision wholly upon the construction of the act of Congress, the argument is omitted. The points made with regard to the construction of the act sufficiently appear in the opinion of the court. The act imposes a stamp duty of fifty cents on every "writ or other original process commenced in any court of record, either of law or equity," but provides that "no writ, summons, or other process, issued by a justice of the peace, shall be subject to the payment of stamp duties." It also provides for stamp duties of various amounts upon certificates of various specified kinds, none of which embrace certificates of the character of the one here in question, and then imposes a stamp duty of five cents on "certificates of any other description than those specified," with certain exceptions not important here.

McCURDY, J.   It is a familiar rule in relation to dilatory pleas, that while they should be met by no strained or unnatural application of legal principles for the purpose of defeating them, yet they are entitled to little favor from a court. Especially should this rule be kept in view, where, as in this case, the process attempted to be avoided is in strict conformity to the laws of our own state, and a severe penalty is claimed to be inflicted by another jurisdiction for the omission of an hitherto unpracticed act.

1. This writ is exempt from the necessity of a stamp by the express terms of the statute.   The words of the law are, " provided that no writ, summons, or other process issued by a justice of the peace," &c. " shall be subject to the payment of stamp duties."   It is in accordance with uniform authorities, as well as the dictates of justice, that statutes imposing duties shall not be construed, as against the citizen and in favor of the government, beyond the evident import of the language.   The expressions here used are perfectly explicit. No argument can render the meaning more clear.   No con struction is necessary to explain, or admissible to contradict it.   This opinion is confirmed by a fair inference from the recent action of Congress, which, among other changes of the law, limits the exemptions to writs, &c., which are not only issued by, but are *returnable to* a justice of the peace.

2. It is however urged with much confidence that a stamp was at least necessary for the certificate of the justice that he administered the prescribed oath.   But the exemption of the writ includes all its component parts.   And a very important part we deem the certificate.   To give efficiency to a writ of this description, that is, one which can be served immediately by an indifferent person, our statute requires that the authority signing the writ shall, 1st, insert the name of the indifferent person, 2d, administer an oath of the necessity, and 3d, certify on the writ that he administered the same.   Otherwise the writ is to abate, which means, as constantly decided, that the process shall be void.   *Case* v. *Humphrey*, 6 Conn., 130 ; *Humphrey* v. *Case*, 8 id., 101.

It is said that the writ was complete without the certificate,

Greene *v.* New London County Agricultural Society.

because, with that omitted, it might have been served by a regular officer. But the emergency required, and the law allowed, a different mode of service, and for this purpose the certificate was indispensable.

The act of Congress exempts the writ or process *issued* by a justice of the peace. This means the whole instrument as it passes from his hands. And when this process was thus issued it carried the certificate, signed by the same authority, at the same time, and for the same purpose as the other parts of the writ. In certain cases a certificate is required that bonds have been given. It will hardly be claimed that this is a distinct and independent instrument.

3. Some reliance seems to be placed on a decision of the commissioner. The 103d section of the act merely provides, that if a person having failed in a particular case to use a stamp, shall have done so in compliance with the opinion of the commissioner, he shall not be punished for the omission. It certainly was not the intention of Congress to give to a subordinate revenue officer judicial authority paramount to that of the highest tribunal of the states.

Taking this view of the case we express no opinion upon other questions of much interest, which have been discussed with great learning by the counsel.

We advise that the plea in abatement be held insufficient.

In this opinion the other judges concurred.