## Pollock, Appellant, *v.* Chelsea Fiber Mills.

*Foreign attachment—Filing of statement within year—Abatement of writ—Entry of bail.*

The Act of May 12, 1897, P. L. 62, which provides that a writ of foreign attachment shall abate if the plaintiff does not file a statement of his cause of action "within one year after the issuance of the writ," is absolute and comprehensive in its terms, and applies whether bail has been entered or not.

Argued Dec. 19, 1910. Appeal, No. 138, Oct. T., 1910, by plaintiff, from order of C. P. No. 4, Phila. Co., Sept. Term, 1908, No. 56, making absolute rule to quash writ of foreign attachment in case of James Pollock, trading as James Pollock & Son v. Chelsea Fiber Mills. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule to quash foreign attachment.
The opinion ·of the Superior Court states the case.

*Error assigned* was order making absolute rule to quash foreign attachment.

*Walter Biddle Saul,* with him *Frank R. Shattuck,* for appellant.—The act of 1897 could not apply to the case at bar because there was no attachment in existence which could be dissolved or abated: Jackson's App., 2 Grant, 407; Albany City Ins. Co. v. Whitney, 70 Pa. 248; Reynolds v. Nesbitt, 196 Pa. 636; Wright v. Milliken, 152 Pa. 507; Borden v. American Surety Co., 159 Pa. 465; Wing v. Bradner, 162 Pa. 72; Phila. & R. R. Co. v. Snowden, 166 Pa. 236.

*Clement B. Wood,* for appellee, cited: Seymour v. Fulton, 9 Pa. Dist. Rep. 611; Case v. Humphrey, 6 Conn. 130; Williamson v. McCormick, 126 Pa. 274; Jackson's App., 2 Grant 407; Albany City Ins. Co. v. Whitney, 70 Pa. 248; Haddock v. Com., 103 Pa. 243.

OPINION BY RICE, P. J., March 3, 1911:
The Act of May 12, 1897, P. L. 62, provides that if the plaintiff in any foreign attachment "shall not, within one year after the issuance of the writ, file a statement of his or their cause of action, such writ shall thereby abate without any further action by the defendant or garnishee, and the lien of said attachment upon the goods, chattels, lands and tenements, rights and credits of the defendant,

in the hands of the garnishees shall thereupon cease." The contention of appellant's counsel is, that where bail has been entered there is no attachment in existence upon which the act of 1897 can operate, and that the act was not intended to apply to such a case. The dissolution of an attachment under the Act of March 17, 1869, P. L. 8, does not terminate the suit. While the property is released, the suit goes on: Sharpless v. Ziegler, 92 Pa. 467; Biddle v. Black, 99 Pa. 380; Slingluff v. Sisler, 196 Pa. 121; Sheip v. Price, 3 Pa. Superior Ct. 1. So an action commenced by foreign attachment does not abate when bail is entered, but proceeds in due course, in like manner as if the same had been commenced by a writ of capias ad respondendum: Act of June 13, 1836, P. L. 568, 583, Sec. 62. "Foreign attachment is but a process by which to commence a personal action. It seizes property to compel an appearance. It can be dissolved upon entering bail, and when dissolved, the judgment against the defendant is in personam:" Albany City Ins. Co. v. Whitney, 70 Pa. 248. But the writ is the foundation of the proceeding, as it is in every action, excepting amicable actions, and the act of 1897 declares that it shall abate if the plaintiff shall not, within a year after its issuance, file a statement of his cause of action. The statute makes no distinction between actions in which an appearance has been entered or bail has been given and actions in which neither has been done. The addition of the words, out of abundant caution, "and the lien of said attachment upon the goods and chattels, etc. shall thereupon cease," does not detract from the force or meaning of the unambiguous declaration that the writ shall abate. In Case v. Humphrey, 6 Conn. 130, where a statute, declaring that under certain circumstances the writ should abate, was under consideration, the court said: "It is not said, that the defendant shall make his redress by plea of abatement, but that the writ shall abate. This is a generic term, derived from the French word abattre, and signifies to quash, beat down, or destroy. 3 Black. Com. 168. A plea of abatement is one mode of quashing a writ, but

it is not the only one. . . . In the case before us, it never could have been the intention of the legislature, to suspend the remedy on a plea of abatement, but to enjoin on the court, that a writ incomplete, without direction to a person who could serve it, and attended with a defect, palpable, fatal and unamendable, should be quashed. Eno v. Frisbie, 5 Day 122. When they declared such writ shall abate, the term was used in its most comprehensive sense, not prescribing a mode, but commanding the thing, in a manner the most absolute and imperious." This language is pertinent in the construction of the statute before us. Nor will any unreasonable or absurd result be reached by giving to the provision, that the writ shall abate, its ordinary meaning and applying it to a case where bail has been entered. One purpose of the statute, as appellant's counsel well say, was to prevent an indefinite grasp being maintained by a plaintiff upon the property of a nonresident defendant, in the hands of the garnishee. But we cannot agree with them in saying that it was the only purpose. There is reason in a statutory provision requiring one who is given the exceptional remedy by attachment, to file a statement of his cause of action within a year, even though the goods have been released from the grasp of the writ by the entry of bail. We have no right to assume, from the nature of the proceeding or the language used by the legislature, that it did not intend the provision to apply to such a case.

The judgment is affirmed.