MARGARET KELLEY *vs.* GRACE M. KELLEY, GUARDIAN.

Second Judicial District, Norwich, April Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

Our law wisely provides that its process shall be directed to known public officers for service, except in cases of supposed necessity; and therefore statutes authorizing a departure from this policy should receive a strict construction.

General Statutes, § 569, permitting the sheriff, on special occasions, to depute a person to serve process, requires the latter to make oath before a justice of the peace that he faithfully served it according to his indorsement thereon, and the justice to certify on the process that he administered such oath. *Held* that these requirements were peremptory, and that in the absence of the certificate of the justice the service was defective and abatable on that ground.

The paper left in service did not contain any copy of the sheriff's deputation. *Held* that this omission was also a material defect which vitiated the attempted service.

Argued April 26th—decided June 14th, 1910.

WRIT OF ERROR to reverse a judgment of the Superior

Court in New London County, *Case, J.;* plea in abatement by the defendant, to which the plaintiff demurred. *Plea in abatement sustained.*

*Charles W. Comstock,* for the plaintiff.

*Donald G. Perkins,* for the defendant.

RORABACK, J. This is a writ of error to reverse a judgment of the Superior Court in New London County rendered June 30th, 1909, in which Joseph E. Kelley, a minor, was plaintiff, and Margaret E. Kelley, the plaintiff in this action, was defendant. The writ was issued November 19th, 1909, and made returnable to this court on the last Tuesday of April, 1910.

The defendant filed her plea in abatement in this court, setting forth four distinct reasons why the writ of error should be abated, the second being as follows: "2. Said writ was not served upon the defendant by any proper officer, or by any officer to whom said writ is directed for service, but was not otherwise served upon the defendant than by one Geo. W. Rouse claiming to be specially deputed in writing on the back of said process by the sheriff of Fairfield County to serve the same, and said Geo. W. Rouse, the person claiming to have been so deputed and by whom said pretended service of said writ was made as a person specially deputed by the sheriff of Fairfield County and not otherwise, did not after serving said process make oath before a Justice of the Peace that he faithfully served said process according to his endorsement thereon and did not fill up said process nor direct any person to fill it up, and no Justice of the Peace has certified on said process that he administered said oath to said Geo. W. Rouse."

To this plea there was a demurrer.

The deputation upon the writ was as follows: "State

of Connecticut, Fairfield County, ss. Bridgeport, Nov. 23, 1909. Geo: W. Rouse is hereby deputized to serve and return the within process. *Attest:* SIDNEY E. HAWLEY, Sheriff of Fairfield County."

It appears that Geo. W. Rouse made the following return: "Ridgefield, Conn., Nov. 23d, 1909. Then and there, I made due and legal service of the within writ, summons, complaint and writ of error, by leaving with and in the hands of the within named Grace M. Kelley of said Ridgefield, a true and attested copy hereof, with my doings endorsed thereon. *Attest:* Geo. W, Rouse, A Person Specially Deputized."

Section 569 of the General Statutes provides that "the sheriff may, on any special occasion, depute, in writing on the back of the process, any proper person to serve it, who, after serving it, shall make oath before a justice of the peace that he faithfully served it according to his indorsement thereon, and did not fill up said process nor direct any person to fill it up; and, such justice of the peace having certified on the process that he administered said oath, the service shall be valid."

This statute is peremptory that the oath shall be made before a justice of the peace, who shall indorse it upon the process. This has not been done. The certificate of the justice as to the administration of the oath is the only source of evidence from which the court can ascertain whether the requirements of the law have been complied with. It is the wise policy of the law that its process shall be directed to known public officers, and the law sanctions a departure from this policy only in cases of supposed necessity. Statutes authorizing such departure should receive a strict construction. *Eno* v. *Frisbie*, 5 Day, 122, 127. The consequence of this deviation from the procedure pointed out by the statute is that the service of the writ was defective.

Kelley *v.* Kelley.

The omission by Rouse to indorse, upon the copy of the writ left with the defendant, a copy of his deputation to serve, made by Sheriff Hawley upon the original, was the third ground of abatement. This was a material irregularity, which also vitiated the attempted service. The writ was directed "To the Sheriff of the County of New London or Fairfield, the Deputy of either, or either Constable of the Town of Ridgefield in said Fairfield County, GREETING:—" The indorsement made upon the copy was by "Geo. W. Rouse, A Person Specially Deputized." The authority for Rouse's action did not appear upon the copy. "All persons are bound to take notice of the official character of the sheriff, or his deputy; and so of all public officers. But with regard to private persons, it is otherwise; and the party against whom process issues, is not bound to take notice of a special authority, unless it be shown." *Kellogg* v. *Wadhams*, 9 Conn. 201, 207. The third ground of abatement, for this reason, is well taken.

The other objections, set forth in the first and fourth grounds of abatement, do not require consideration.

The plea in abatement is sustained and the demurrer overruled.

In this opinion the other judges concurred.