## EARLE EMILIA
### vs.
## JENNIE ACKERMAN EMILIA

Superior Court     Hartford County     File #53097

Present:   Hon. JOHN A. CORNELL, Judge.

Martin J. Mostyn,        Attorney for the Plaintiff.

## MEMORANDUM FILED AUGUST 27, 1936.

CORNELL, J. The writ in this action of divorce is directed in the usual way to "The Sheriff of the County of Hartford, his deputy, or either of the constables of the Town of Hartford within said County."

By its authority either of the officers of the characters named to which it was delivered is directed to summons the defendant who is described as of Asbury Park, New Jersey, to appear before this court to answer to the complaint.

The process was never delivered to a sheriff or other proper officer or person for service. Instead, as the court understands it, counsel for the plaintiff applied to the office of the Clerk of this court for and received an "Order of Notice" which directed publication of the institution and pendancy of the complaint in a Hartford paper. That such publication was made appears from an affidavit of the Assistant Secretary of

the corporation which published the paper. This was followed by a second order of notice by like publication which was complied with. The defendant has never appeared either personally or by counsel.

Plaintiff justifies this method of commencing the action under the provisions of **General Statutes, Rev. 1930, Sec. 5177** which provides in effect that in an action of divorce when the defendant shall be absent from the state or his whereabouts unknown an order of notice may be applied for and issued by the named officers and that if such notice is given and so proved to the court, the latter may proceed to hear the cause and determine the issues.

As early as 1793 it was enacted that "all writs and process shall be directed to the sheriff, his deputy or some constable if such officer can be had without great charge or inconvenience: and in every case in which the authority signing the writ shall find it necessary to direct it to an indifferent person, such authority shall insert the name of the indifferent person in the directions of the writ and the reason of such direction and if any writ be otherwise directed, it shall abate." **Statutes of Connecticut 1796, page 24.**

With the exception of certain changes of no importance in the instant case, it is still provided by statute that "all process shall be directed to the sheriff, his deputy, a constable or other officer or to some indifferent person . . . ."

**General Statutes 1930, Sec. 5466, General Statutes, 1930, Sec. 5468 and 5469** prescribe the manner of service by the officer to whom the process is delivered.

A petition for divorce is a statutory action, **Steele vs. Steele, 35 Conn. 48, 54,** but except as may be otherwise provided by statute a plaintiff is required "to make complaint to the Superior Court in the form prescribed for Civil action which shall be duly served on the other party". **General Statutes 1930, Sec. 5195.** This has been the established practice in this state.

It is urged by the plaintiff, however, that when the defendant resides out of or is absent from the state or his whereabouts is unknown to plaintiff, the petition may be addressed to the Superior Court and such an order or order of notice as authorized by **General Statutes 1930, Sec. 5177** issued, upon compliance with which or a finding of actual notice therefrom

the court may hear and determine the cause.

The contention is that pursuance of this procedure renders unnecessary and pointless the direction to a proper officer required in the service of civil process by the statutes referred to supra in the procuring of an order of notice by the clerk and the officers return showing compliance with it.

It is not necessary, however, here to make so broad a ruling as a decision on the posed question would require, although the observation made in **Kelley vs. Kelley, 83 Conn. 274, 276,** may be noted in passing, viz:

> "It is the wise policy of the law that its process shall be directed to known public officers and the law sanctions a departure from this policy only in cases of supposed necessity. Statutes authorizing such departure should receive a strict construction."

For if the plaintiff's contention be sound, it still remains that there is nothing contained in **General Statutes 1930, Sec. 5177** which inhibits the direction of process to such an officer as is designated in **General Statutes, 1930, Sec. 5466,** since even though a respondent be described as absent or of unknown whereabouts, it is not impossible that an officer to whom process is delivered may not find him within his precincts and make service upon him personally.

Having elected to resort to service of the process here by directing it to an officer, such direction connoted delivery of it to him to enable him to carry it out. Since the process never came into the hand of such an officer there was and could be no service in the manner directed by the writ. If this were only a deviation from "the procedure pointed out by the statute" the action might be held merely subject to abatement. **Kelley vs. Kelley, 83 Conn. 274, 276, 277.**

As it is, there was no service at all upon the defendant in the manner directed, so that the result is not a mere defect or irregularity, but a complete failure to effect any service whatever.

Under such circumstances, if this reasoning be sound, there is no action pending and the cause must be and is ordered stricken from the docket.