## EILEEN M. JENNETTE
*vs.*
## BENJAMIN F. JENNETTE

Superior Court        Fairfield County        File No. 69954

MEMORANDUM FILED MAY 22, 1945

A. W. *Slavitt,* of Norwalk, for the Plaintiff.

O'SULLIVAN, J.   The writ in this action seeking a decree of divorce was addressed to the Sheriff of the County of Fairfield or to either of his deputies and directed such official to summon before this court Benjamin F. Jennette, described as of Astoria, Long Island, in the State of New York.

Instead of delivering the process to an officer to whom it was addressed, the authority issuing the writ sought and obtained from the clerk of this court an order of notice which recited, among other things, that "notice of the pendency of said complaint be given by Edward B. Donlens of Norwalk, Connecticut, who is hereby ordered to leave a copy of said complaint and this order of notice with the defendant on or before the 25th day of January, A.D. 1945, at 2311 27th Street, Astoria, Long Island, New York." Pursuant to the order of notice, Donlens went to Astoria and there left in the

hands of Jennette an attested copy of the writ, summons and complaint, as appears from a sworn return attached to the original process.

It is always desirable to have actual notice brought to the attention of nonresident defendants, and, in the instant case, it is true that the defendant had knowledge of the fact that a writ was issued returnable to the Superior Court for Fairfield County.

However, something more than this is necessary before a court may proceed to determine judicial rights. That something is service, and the method of service is prescribed by statute. Service must always be made save in those instances, where by appearing, a defendant may waive it. But where, as here, the defendant does not submit to the court's jurisdiction, there can be no waiver.

Inasmuch as Donlens was not one of the officials to whom the writ was addressed, there was no legal service and the court is powerless to act. *Emilia vs. Emilia,* 4 Conn. Sup. 138. Inasmuch as there is no method by which the defect may be cured, the action must be stricken from the docket.