[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant, Asahi Chemical Industry Co., a Japanese corporation, has filed a motion to dismiss the action brought against it. The defendant argues that plaintiff's counsel returned papers to court on May 9, 1995, long after the March 21, 1995 return date ordered by another judge on November 4, 1994, and contrary to § 52-46a of the General Statutes. That statute requires that process be returned in civil actions shall be returned to superior court at least six days before the return date. The defendant argues that the papers filed with the court by the plaintiff on May 9, 1995 do not comply with the court's November 4, 1994 order. The papers do not have the March 21, 1995 return date required by that November order.
The defendant notes that a true return of process as required by § 6-32 of our statutes has not been made, the process with a March 21, 1995 return date were not directed to a "proper officer" as required by § 52-50 of our statutes, and in general there has been a failure to comply with §§ 6-32, 52-45b,52-46a, and 52-50 of the General Statutes. Furthermore, pursuant to § 52-53 of the General Statutes the plaintiff hasn't provided the necessary certificate of a justice of the peace that the company used by the plaintiff to effect service in Japan had been specially designated by a Connecticut sheriff to serve and return process. CT Page 12746
Defense counsel has filed several well-reasoned briefs and has cited numerous cases that establish that failure to comply with these statutory requirements should and would lead to a dismissal of the plaintiff's action, Kelly v. Kelly, 83 Conn. 274,276 (1910); Daley v. Board of Police Commissioners,133 Conn. 716, 719 (1947); Stephenson, Connecticut Civil Procedure,
§ 22a, Vol. 1 (2d ed. 1970).
Both parties agree as they must that the Hague Convention Treaty controls as to the requirements as to how service is to be made. See § 52-59d(a) of the General Statutes. The Convention "was intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." Volkswagenwerk v. Schlunk, 486 U.S. 694, 698
(1988). The court, on the following page, went on to say that: "By virtue of the Supremacy Clause, U.S. Const., Art. VI, the Convention preempts inconsistent methods of service prescribed by state law in all cases to which it applies."
At pages 698-699 the Court noted that:
 "The primary innovation of the Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries (see Article 2 of Convention). Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state
or by a method designated by the requester and compatible with that law. Art. 5." (emphasis added.)
Article 2 of the Convention says that" "Each contracting state shall designate a central authority which will undertake to receive requests for service coming from other contracting states. . . ." Article 5 says:
 "The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate officer, either —
 (a) by a method prescribed by its internal law for service of documents in domestic actions upon persons who are within its territory, or CT Page 12747
 (b) by a particular method requested by the applicant, unless such a method is incompatible with the law of the state addressed. (emphasis added.)
Japan is the "state addressed" for the purposes of this case; any other reading would make the purposes sought to be achieved by the Convention illusory.
Before addressing the merits of the legal arguments being made the court will refer to the factual setting of this motion. There is not much dispute over the relevant facts, rather the dispute between the parties centers on the legal consequences of those facts given the requirements of the Hague Convention and/or our local rules of service of process, return days, proper return of process, etc. The court will adopt the chronological rendition of facts set forth in the plaintiff's June 8, 1995 brief. The chronology refers to an affidavit submitted by plaintiff's counsel and a letter from "APS International" — the company chosen by the plaintiff to effect service in Japan on the defendant through the designated Japanese Central Authority.
 June 16 1994 Sheriff Donald Ward makes service of process upon defendant Asahi pursuant to C.G.S. § 52-59b by serving copies of the Complaint upon the Secretary of State and by sending a copy of the Complaint to the defendant by certified mail. Sheriff Ward simultaneously initiates service of process under the Hague Convention by forwarding copies of the Complaint to APS International for translation and forwarding to the Japanese Central Authority. (See Sheriff's Return dated June 16, 1994).
 July 8, 1995 The original Complaint, which has been returned to Court, is docketed by the Court.
 July 18, 1994 The plaintiff files an Application with the Court to extend the date upon which the plaintiff may serve the Complaint upon defendant Asahi and extend the return date, seeking to extend both dates to October 1994, pursuant to C.G.S. 52-59d to complete service under the rules of the Hague Convention.
 July 19, 1994 Original Return Date.
 July 21, 1994 Counsel appears for defendant Asahi and files an objection to the application to extend the return date and a motion to dismiss for failure to serve the defendant pursuant to the Hague Convention twelve days before the return date. CT Page 12748
 July 25, 1994 The Application to extend the return date and the defendant's motion to dismiss are argued before Judge Arthur Spada.
 September 19, 1994 The plaintiff files a Supplemental Application to extend the return date and date for service; the Court has yet rule [sic] on the original Application or Motion to Dismiss. By Affidavit, plaintiff's counsel informs the Court that he has been advised that the Japanese Central Authority may refuse to serve the Complaint without an accompanying court order extending the return date for sufficient time (believed to be 120 days) from the date of the order to allow the Japanese Central Authority to effect service.
 November 4, 1994 The Court grants the plaintiff's Application, extending the return date to March 21, 1995 and extending the date to serve defendant Asahi to March 6, 1995. The Court denies the defendant's Motion to Dismiss without prejudice.
 November 7, 1994 The plaintiff receives the Court's order granting the Supplemental Application and shortly thereafter forwards a copy of the Supplemental Application with the signed order to APS International for translation and forwarding to the Japanese Central Authority for service under the Hague Convention. (Affidavit of Counsel).
 February 9, 1995 The Japanese Central Authority makes personal service of the Summons, the Complaint and the Supplemental Application with accompanying order upon an employee of the defendant. (Certificate of Service attached to Supplemental Return of Service dated May 8, 1995).
 February 23, 1995 Plaintiff's counsel makes first of several phone calls to APS International inquiring as to the status of service. APS International promises to make inquiries of Japanese Central Authority and report back. (Affidavit of Counsel).
 March 3, 1995 APS International reports to plaintiff's counsel that it is informed that service documents are currently at the Tokyo District Court waiting to be assigned for service and faxes a letter to counsel reporting on the same. (This information proves to be only partially correct as documents have already been served.) (APS letter attached to plaintiff's Supplemental Application dated March 3, 1995).
 March 3, 1995 Upon the recommendation and report of APS International, plaintiff's counsel files a Supplemental Application dated March 3, 1995 requesting an additional 10 week extension on the return date and the date to serve defendant Asahi. (Affidavit of Counsel and APS CT Page 12749 letter attached to plaintiff's Supplemental Application dated March 3, 1995).
 March 3, 1995 The Court Clerk of the Tokyo District court executes a Certificate of Service provided for under Article 6 of the Hague Convention, verifying service of the Summons, the Complaint and the supplemental Application with accompanying order upon defendant Asahi. (Certificate of Service attached to Supplemental Return of Service dated May 8, 1995).
 March 6, 1995 Court ordered extension date for service of Complaint on defendant Asahi.
 March 21, 1995 Court ordered extension of return date.
 April 11, 1995 APS International receives the Certificate of service from Japan via the Japanese Consulate office in Chicago, Illinois. (5/26/95 letter of APS International).
 April 19, 1995 Defense counsel files an Objection to the Supplemental Application, attaching documents verifying service of the translated Summons, Complaint and the Supplemental Application with accompanying order upon the defendant by the Tokyo District Court.
 April 21, 1995 APS International mails Certificate of service of the Summons, the Complaint and the Supplemental Application with accompanying order to plaintiff's counsel. (4/21/95 letter of APS International).
 April 26, 1995 Plaintiff's counsel receives Certificate of service of the Summons, the Complaint and the Supplemental Application with accompanying order from APS International. (Affidavit of Counsel).
 May 8, 1995 Plaintiff's counsel files the Certificate of service of the Summons, the Complaint and the Supplemental Application with accompanying order and translated Complaint with the Court.
The practical problem arises here from the fact that under our local rules § 52-46 requires that a defendant be served at least twelve days before the return date. Section 52-46a
requires that process in civil actions be returned to the clerk of the court at least six days before the return date, and §52-48 requires that the return date be set no later than two months from the date of process. Yet, under Article 15 of the Convention the Japanese Central Authority can take up to six CT Page 12750 months to complete service and return a certificate of service before any action can be taken against the Japanese defendant for failure to appear after the matter has been sent to the Central Authority. In any event, the complaint must be translated, sent through postal channels and apart from the language of Article 15, practically speaking, it may not be possible to comply with our procedures for service and dates for return of process while trying to take advantage of the Convention.
For this reason § 52-59d was passed, which says:
 Sec. 52-59d. Service of process outside country to be in accordance with treaty or convention or court order. (a) Notwithstanding any provision of the general statutes relating to service of process, civil process shall not be served outside of the United States of America in violation of any applicable treaty or convention, including without limitation, the Hague Convention on Service of Process Abroad.
 (b) If service of process cannot be made under the applicable treaty or convention within sixty days, the superior court may, upon application, order service of process upon such terms as the court deems reasonably calculated to give the defendant actual notice of the proceedings in sufficient time to enable the defendant to defend.
This statute says three things important to a resolution of this case. First, as Volkswagenwerk v. Schlunk dictates the liberal goals sought to be achieved by the Convention shall not be defeated by local rules of service of process, and the statute as it must, recognizes this. Secondly, for the state courts to effectively comply with these goals given our statutes, the courts must have flexibility in setting the appropriate return date. And, thirdly, the aim of the whole exercise is to ensure that the relief the state court gives under subsection (b) is aimed at giving a defendant "actual notice of the proceedings in sufficient time to enable the defendant to defend."
There has been no claim raised here that the Japanese Central Authority has objected to the service of this action or has otherwise taken the position that the plaintiff has not properly invoked the provisions of the Hague Convention. In fact, the Central Authority has issued the appropriate certificate of service under Article 6 of the Convention. Certainly a Central Authority can refuse to effectuate the service if the Convention CT Page 12751 gives it the power to do so or the service submitted doesn't otherwise comply with the Convention. See Article 4, c.f.,Buitekant v. Zotos International Inc., 9 CSCR 1169 (1994).
The special requirements set forth in §§ 6-32, 52-50 and52-53 and the purposes they were interested in accomplishing have nothing to do with the service requirements of the Hague Convention since service is effectuated not by sheriffs but a Central Authority in the foreign nation. If that authority raises no objection to the request for service and indeed issues a certificate indicating service has been made, a defendant so served should be allowed to rely on state statutes designed to foster the integrity of the service of process in local civil actions.
Certainly a jurisdiction can set up a procedure like ours specifying that there should be a return date defining the commencement of litigation. But given the practical problems presented in effectuating service under the Convention on a distant foreign corporation, the courts should be liberal in granting extensions of the return date to accomplish that service and to allow actions to be commenced here in a reasonable manner. There has been no showing of actual prejudice here or failure to receive notice of this litigation that will in any way affect the Asahi Company's ability to defend itself in our courts. Given the broad purposes of the Hague Convention, the requirements of the Supremacy clause and the fact that § 52-59(b) itself makes the court's power to act dependent on considerations of actual notice and actual prejudice to the right to defend, I believe it is appropriate for the court, in the absence of a showing of actual prejudice, to in effect grant the plaintiff's March 3, 1995 request for an additional 10 week extension of the March 21, 1995 return date.[1]
The motion to dismiss is denied.
Corradino, J.